**Robert H. GUTHRIE and Audrey Guthrie, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 68–C–127.**

United States District Court, E. D. Wisconsin.

Aug. 24, 1970.

Pfannerstill, Camp & Tyson, Wauwatosa, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., Milwaukee, Wis., David A. Wilson, Jr., and Daniel J. Dinan, Dept. of Justice, Washington, D. C., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek to recover certain taxes paid to the United States and also to abate an additional assessment; the defendant has counter-claimed to recover the unpaid balance of such assessment.

The action was tried to the court, sitting without a jury, on June 1, 1970. Post-trial briefs have been submitted by both sides.

The tax involved is a 100% penalty which was assessed by the government against the plaintiffs for the alleged failure of a corporation, Guthrie & Lyon, Inc., to have remitted the withholding taxes on employees' wages during the first half of 1962. The penalty assessment is based upon 26 U.S.C. Sec. 6672. The amount assessed by the internal revenue service was $1758.29, of which only $52.70 was paid; the balance of $1705.59 is the amount which the plaintiffs seek to have abated and which the government seeks to recover on its counterclaim.

The facts are not in serious dispute, but the parties sharply disagree on the question whether Mr. Guthrie's non-payment during the first half of 1962 was "willful" within the meaning of Sec. 6672. The record supports the conclusion that Mr. Guthrie was generally in charge of the business affairs of the corporation and that the company had sustained financial difficulties in 1962. It did not file the quarterly tax returns for the first two quarters of 1962 nor pay the withholding taxes to the internal revenue service during that period. On July 3, 1962, the company, through Mr. Guthrie, as president, executed a voluntary assignment for the benefit of creditors.

The receiver of the corporation, a Mr. Kannenberg, conferred with representatives of the internal revenue service regarding the unpaid taxes for the first and second quarters of 1962; on October 9, 1962, the internal revenue service filed a proof of claim for taxes in the circuit court for Waukesha county. In a letter dated August 17, 1964, Mr. Kannenberg informed the government that his accounts had been approved by the state court. He also forwarded a payment of $6983.16 to the internal revenue service and stated that there would be a shortage in the total amount due to the United States as taxes in the sum of $1730.64.

In February, 1965, pursuant to the petition of Mr. Guthrie, the state circuit court issued an order which directed that the money paid by the receiver to the internal revenue service be designated as payment of trust funds for withholding taxes and social security taxes and applied for that sole purpose. The internal revenue service had no notice of such hearing.

Although the government challenges the right of the plaintiffs to raise the issue of willfulness under Sec. 6672 on the ground that such claim was not advanced in their claim for refund as required by Sec. 7422(a), I do not find it necessary to resolve that threshhold question since the evidence presented at the trial persuades me that Mr. Guthrie

"willfully" failed to pay over to the internal revenue service the taxes withheld by the corporation from its employees during the first and second quarters of 1962.

The issue as to willfulness is, in my opinion, governed by the expressions of the court of appeals in Monday v. United States, 421 F.2d 1210 (7th Cir. 1970). Pursuant to such decision, willfulness does not depend upon the presence of bad motive or upon the specific intent to defraud the government; willful action refers to "voluntary, conscious and intentional—as opposed to accidental—decisions not to remit funds properly withheld * * *."

The record amply establishes that Mr. Guthrie was the individual who managed the corporation and, more specifically, was the one who authorized payments to creditors. Although an employee of the corporation, Virginia Bliesner, handled employees' records and employees' paychecks, I find that it was the plaintiff, Robert Guthrie, who was the individual responsible for paying over to the government the withholding taxes. The corporation being in financial distress, its president failed to pay out tax money during the first two quarters of 1962. I conclude that the corporation's failure to make such payments to the internal revenue service was a "voluntary, conscious and intentional" action on the part of Mr. Guthrie.

The plaintiffs urge that the funds held by the corporation were trust funds for the benefit of contractors for labor and materials under Sec. 289.02 (4), Wis.Stats. While it is possible that there were such funds in the custody of the corporation, the plaintiffs have failed to establish to the court's satisfaction that the funds subject to the withholding tax during the first half of 1962 were impressed with such a trust.

Although the internal revenue service was aware of the proceedings in the state circuit court, it cannot fairly be said that the government acquiesced in the distribution of the receiver's receipts. The internal revenue service received over $6000, but it did not thereby waive its claim for the balance, including any penalties assessed. The United States was not notified of the state circuit court's hearing at which the court resolved the application to be made of the payment sent to the internal revenue service; under those circumstances, that order was not binding upon the internal revenue service.

Mr. Guthrie urges that he was not responsible for the failure to pay the taxes withheld during the second quarter of 1962 because on the due date, July 31, 1962, the affairs of the corporation were in the hands of the receiver. This type of argument was rejected in Tiffany v. United States, 228 F.Supp. 700 (D.C.N.J.1963), where the court said at page 702:

"So far as the plaintiff's last argument is concerned, that he is not the person required to pay the taxes, since the receiver was in control of corporate affairs when the taxes were due, it has little merit. In re Serignese, D.C., 214 F.Supp. 917, supports the view that payment to employees made plaintiff inchoately or contingently liable for the penalty before adjudication, since the liability for paying withheld taxes does not accrue on the date for paying them."

Now, therefore, it is ordered that the complaint of the plaintiffs be and hereby is dismissed, with prejudice, and that the defendant, United States, is entitled to judgment upon its counterclaim in the amount of $1705.59, plus interest and costs.