Henry E. BLAKE

v.

UNITED STATES of America.

Civ. A. No. 79–0811.

United States District Court,
W. D. Louisiana,
Alexandria Division.

Jan. 25, 1982.

F. A. Little, Jr., Alexandria, La., for plaintiff.

William D. Holmes, Tax Division, Dept. of Justice, Washington, D. C., for U. S.

## RULING

NAUMAN S. SCOTT, Chief Judge.

Plaintiff, Henry E. Blake, instituted this action to recover $18,240.30 paid to satisfy an assessment against him by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6672.* The United States has moved for summary judgment.

■ 26 U.S.C. § 3401 *et seq.* sets out a system for withholding taxes, requiring employers to collect both income and FICA taxes from their employees and hold these funds in trust for subsequent payment to the IRS each fiscal quarter. The penalty imposed under 26 U.S.C. § 6672 for the willful failure to pay over those funds to the IRS equals the actual tax delinquency. The "person" who may be penalized must be a corporate officer or employee whose

responsibility it is "to collect, truthfully account for, and pay over" these funds. 26 U.S.C. § 6672. "Thus, liability for a penalty is imposed only upon (1) a responsible person (as defined in Section 6671), who has (2) willfully failed to perform a duty to collect, account, 'and' pay over the tax." *Mazo v. United States*, 591 F.2d 1151, 1153 (5th Cir. 1979).

Plaintiff and third party defendants, Harry B. Silver and Tom J. Hardin, were the three corporate officers (as well as members of the Board of Directors) of the Hotel Bentley Alexandria, Inc., a non-profit corporation, during the third and fourth quarters of 1974 and the first quarter of 1975.

■ The "responsible person" requirement is not in question vis-a-vis Mr. Blake. All three officers had ultimate authority over corporate decisions and controlled the corporation's manager, John Bryant, who actually administered the withholding system as well as other corporate finances. See *Mazo v. United States, supra,* at 1156. Only they possessed authority to sign checks against the corporate accounts. See *Id.; Neckles v. United States*, 579 F.2d 938, 939 (5th Cir. 1978). The fact that these officers may not have been compensated for their corporate activities does not automatically insulate them from liability. Accord, *Neckles v. United States, supra,* at 940.

■ Resolution of defendant's Motion for Summary Judgment, then, turns on whether Mr. Blake acted willfully in failing to pay over the withholding taxes. We view the disputed facts in a light most favorable to Mr. Blake. See *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Mazo v. United States, supra.*

---

* This statute reads in pertinent part,

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner

to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded or not collected, or not accounted for and paid over."

During certain fiscal quarters prior to the ones at issue, the corporation fell delinquent in its payment of withholding taxes. Mr. Bryant's predecessor was fired at that time and a payment schedule was arranged with an IRS agent to amicably resolve the matter. It was understood by Blake, Hardin and Silver that they were also responsible for the corporation's ongoing obligation to collect and pay over the withholding taxes.

From that time through the first quarter of 1975 the corporation maintained a nearly insolvent financial status. It thereafter became defunct. During the quarters at issue, Mr. Blake remained aware of the poor corporate financial profile. Various creditors were paid, with the requisite two of the three officers signing each check. Mr. Bryant, asked weekly about the withholding system by all three officers, assured them that these taxes were being paid. There is some issue as to whether the IRS checks, once signed, were mailed. However, none of the officers took the simple steps to personally review the monthly bank statements to ascertain the balance or take stock of the cancelled checks. That job was delegated to Mr. Bryant.

During the first quarter of 1975, the tax delinquency was made known to the Board of Directors, including Blake, Hardin and Silver, at a meeting with IRS representatives. Various creditors were paid *thereafter*, but *not* the IRS. For all three quarters at issue, employees were paid their net salaries. Thus the tax fund was accumulated, then depleted for the purpose of paying creditors other than the IRS.

■■ Willful conduct under § 6672 entails an intentional act, including a reckless disregard of a known or obvious risk that the IRS liability may not be satisfied. See *Mazo v. United States, supra,* at 1154 and cases cited thereunder. The *Mazo* court indicated that once actual notice of a prior delinquency is given to a responsible corporate official, mere delegation of authority is no excuse for any subsequent failure to pay withholding taxes. *Id.* at 1157.

In this instance it can be said that the delinquencies combined with the corporation's continued financial distress would require more active oversight by the officers. These officers' continued signing of checks to other creditors after they were told of the current tax delinquency points to a willful failure to pay the IRS. *Id.* at 1156–1157; *Teel v. United States,* 529 F.2d 903, 905 (9th Cir. 1976).

Mr. Blake focuses on Mr. Bryant's assurances as having misled him. We are not persuaded by this allegation and quote from the *Mazo* opinion, which dealt with the same situation.

"In essence the appellants' primary argument is that an issue was created with respect to willfulness by their contention that Lavoie, the controller, misled them by asserting that he had taken care of the matter or would take care of the matter for them. However, once they were aware of the liability to the government, they were under a duty to ensure that the taxes were paid before any payments were made to other creditors. If, after receiving actual notice, corporate officials could once again delegate their responsibility to subordinates, then repeated escape from liability would be possible and the government would be required to monitor corporate affairs daily. The statutory concept of willfulness conveys no such meaning." *Mazo v. United States, supra,* at 1157.

The totality of the circumstances reveals that Henry E. Blake acted willfully, under the meaning and spirit of § 6672 as interpreted by the courts, in failing to ensure the payment of withholding taxes to the IRS.

Based upon the foregoing, defendant's Motion for Summary Judgment is granted and plaintiff's complaint is hereby dismissed. Counsel for defendant is to submit a judgment consistent herewith within ten days of date.