John W. PIKE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 81 Civ. 955 (CMM).

United States District Court, S.D. New York.

March 18, 1983.

Townley & Updike, New York City, for plaintiff; Richard B. Kelsky, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., Cathy Silak, Asst. U.S. Atty., New York City, for the U.S.

METZNER, Senior District Judge:

This case started off as a trial by jury, but during the first day of testimony it became apparent to the court that a determination of an issue of law would resolve the differences between the parties. The parties entered into a stipulation of facts which, along with the exhibits and admissions on the record, constitute the submission to the court for the resolution of the issue of law. The jury was dismissed during the second day of trial after the parties had agreed on the terms of the stipulation.

This action was instituted by John W. Pike to recover moneys paid in partial satisfaction of an assessment levied by the Internal Revenue Service against him for his failure, as an alleged "responsible person," to pay to the government income and FICA taxes withheld from the wages of employees of Federal Hydronics, Inc. See 26 U.S.C. § 6672. The United States resists this claim and by counterclaim seeks recovery of the balance of the assessment. These taxes are payable quarterly and the periods in issue are the third quarter of 1974 (July 1, 1974–September 30, 1974), and the third and fourth quarters of 1975 (July 1, 1975–September 30, 1975, and October 1, 1975–December 31, 1975).

Pike admits that he became a "responsible person" on October 15, 1974. While this may have been an additional role for him in the affairs of the company, he had been its president and chairman of the board of directors for at least three years prior to October 15, 1974. He owned and leased equipment to the company for which he received rental payments in 1974 and 1975. He also was aware of the past due liability for withholding and FICA taxes at the time he became a "responsible person." The moneys due for the third quarter of 1974 were payable on October 31, 1974. Conse-

quently, Pike was liable for the payment of these taxes on the due date, unless the available moneys were subject to a superior security interest, or resulted from the infusion of new moneys by way of loan or capital investment. *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).

The plaintiff relies on the *Slodov* case to support his position that he is not liable for these payments. He misreads that decision. In the first place, there was no change of "control" in this case as that word is used in *Slodov*. The same control existed here prior to and subsequent to October 15, 1974. Thus, we do not have the basis for the Court's decision in *Slodov* that it would be unfair and contrary to congressional intent to saddle a newcomer—unrelated to prior management and investing new funds to save a business—with the obligations of this nature created by prior management.

Furthermore, counsel speaks of trust funds as distinct sums of money physically segregated for the payment of the taxes. It is his position that if such "trust funds" did not exist on October 31, 1974, then plaintiff is not liable for payment as a "responsible person." In corporations of the size we are dealing with here no such segregation occurs. Money comes in and out of the bank account in the normal course of business and when the time comes to pay these taxes a check is drawn for the requisite amount.

As the Court in *Slodov* pointed out, taxes required to be withheld are "commonly referred to as 'trust fund taxes,' reflecting the Code's provision that such withholdings or collections are deemed to be a 'special fund in trust for the United States.'" *Id.* at 243. The Court further pointed out that there is no need for segregating these funds from the employer's general funds and that the funds "are a tempting source of ready cash to a failing corporation beleaguered by creditors." *Id.*

In this case the plaintiff succumbed to the temptation. Unencumbered funds came in and out of the bank accounts in the

normal course of business between October 15, 1974 and October 31, 1974, but no payments were made on these trust fund taxes. On this record plaintiff is liable to pay the assessment for 1974.

On this record plaintiff is also liable to pay the assessment for 1975. He admits that, pursuant to the IRS letter dated January 20, 1975, the corporation for which he was a "responsible person" was delinquent in the payment of trust fund taxes for July and August 1975. No justification has been offered for failure to pay on time. Similarly, no justification has been offered to explain the failure to pay the taxes for the fourth quarter of 1975. *See Lesser v. United States,* 368 F.2d 306, 310 (2d Cir.1966) (en banc).

The complaint is dismissed and the defendant shall recover on its counterclaim. Let judgment be entered accordingly.

So ordered.