**John W. PIKE, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 439, Docket 83–6123.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 28, 1983.
Decided Dec. 1, 1983.

tion of the $15,000, the IRS had no obligation to credit the monies in any particular manner to suit the corporation or to minimize the liability of Pike as a responsible person.

Affirmed.

Kenneth M. Hart, Townley & Updike, New York City, for plaintiff-appellant.

Jordan Stanzler, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Peter C. Salerno, Asst. U.S. Atty., New York City, on brief), for defendant-appellee.

Before LUMBARD, WINTER and PRATT, Circuit Judges.

PER CURIAM:

We affirm Judge Metzner's decision, 563 F.Supp. 428, that appellant Pike is liable as the responsible person under 26 U.S.C. § 6672 for the third quarter 1974 taxes and for the 1975 assessment substantially for the reasons stated by him.

In addition, we reject appellant's claim that the $38,829.04 collected by the IRS between 1973 and 1975 should be credited to the assessment against Pike. When taxes have been forcibly collected, as by levy, the taxpayer has no say in allocation of the monies to past due taxes. *See Slodov v. United States,* 436 U.S. 238, 252 fn. 15, 98 S.Ct. 1778, 1787 fn. 15, 56 L.Ed.2d 251 (1978). The $15,000 voluntary payment could have been designated by the corporation, Federal Hydronics, Inc., to apply as it wished against its tax liability, but in the absence of such designation, the IRS was free to apply the funds in whatever manner would best facilitate collection of taxes. *See Hewitt v. United States,* 377 F.2d 921, 925 (5th Cir.1967); *Horwitz v. United States,* 339 F.2d 877 (2d Cir.1965). Since the corporation failed to designate alloca-