Gilbert ABRAMSON, Plaintiff,

v.

UNITED STATES of America, Defendant,

v.

Harold WEISS, Counterclaim-Defendant.

No. 81 CV 931 (ERN).

United States District Court, E.D. New York.

April 4, 1984.

Harold Sacks, P.C., New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Patrick B. Northup, Asst. U.S. Atty., Brooklyn, N.Y., for defendant; Vicki G. Cheikes, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., of counsel.

Goldstein & Zucker by John J. Flynn, III, New York City, for counterclaim-defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff Gilbert Abramson invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) to challenge a penalty tax assessment against him under 26 U.S.C. § 6672, by virtue of his status as Secretary-Treasurer of the now bankrupt Hargil Advertising Associates, Inc. (Hargil). On June 16, 1980 the Internal Revenue Service (IRS) had invoked § 6672 to collect $35,-214.41 plus interest in withheld employee social security and income taxes, which Hargil had not paid for the fourth quarter

of 1978 and the first three quarters of 1979.[1]

By way of a counterclaim, the government, relying on § 6672, also sought recovery of the assessment from Harold Weiss, Hargil's former President. Subsequently, the government amended the counterclaim to allege that Weiss had filed for a chapter 13 bankruptcy on March 12, 1980 and had been discharged on August 28, 1981. On August 26, 1982 the IRS made a second assessment against Weiss, ¶ 22 of Amended Answer and Counterclaim, which reiterated the bases of the June 16, 1980 assessment.

Weiss answered the counterclaim with a cross-claim against the government, alleging that the June 16, 1980 assessment had been reduced to $915.00 by notice of June 9, 1981. This sum had been paid by an offset against Weiss' 1979 personal income tax refund. Additionally, in each of their pleadings, Abramson and Weiss deny any responsibility for Hargil's failure to pay the withheld taxes in 1978 and 1979.

The case is before the Court upon Weiss' motion to strike the counterclaim for the government's failure to comply with discovery; specifically, his Fed.R.Civ.P. 34 request to produce documents as follows:

"All records, files, documents and other memoranda maintained by the Collection Division, of the Internal Revenue Service, relating to Hargil Advertising Associates, Inc., including but not limited to all letters, correspondence, [and] internal memoranda setting forth the efforts [from May 1, 1979 to March 30, 1980], if any, of the Internal Revenue Service seeking to enforce payment and/or satisfaction of all liens filed by the Internal Revenue Service for withholding, FICA, and FUTA taxes."

Although phrased in terms of a discovery issue, this motion requires the Court to determine the legal viability of Weiss' defense of estoppel to the counterclaim. By way of affidavit, his counsel explains the theory of the defense.

By order of Judge Galgay of the Bankruptcy Court, Southern District of New York, Hargil's trustee made two installment payments of $24,473.00 each on November 17, 1982 and March 23, 1983 to satisfy the IRS claims. Thereafter the IRS sought an additional $301.22 due to a mathematical error, the sum to be paid from the bankrupt estate. Thus, the taxes paid, the only remaining issue is the interest.

Weiss premises his arguments on two IRS policies: that the government only employs § 6672 when the corporation has not paid the taxes and that it does not pursue interest accruing on a tax claim filed in the Bankruptcy Court.[2]

Relying on the first policy and the constant availability of Hargil assets to pay the taxes, Weiss first seeks to prove that the IRS knew of the assets and Hargil's difficulties and therefore, after filing liens, its lack of effort to collect the taxes constitutes "reasonable cause" to excuse Weiss' failure to pay the taxes. *But see Barnett v. United States*, 594 F.2d 219, 221 (9th Cir.1979). Weiss relies on *Spivak v. United States*, 370 F.2d 612, 615 (2d Cir.), *cert. denied*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967):

"Had the government's claim in the bankruptcy been defeated by an adjudication that the payments should have been credited to Lincoln [instead of its parent corporation], the government concedes that it would be bound to release appellants [liable corporate officers], for it is its practice not to attempt enforcement of § 6672 liability if the corporate

---

**1.** A second amended complaint, filed May 21, 1982, details the means by which, up to that date, the government had attempted to satisfy Abramson's liability through garnishment. Eventually Abramson agreed to installment payments beginning in April 1981, to be terminated if the assessment were satisfied in the distribution made by the Bankruptcy Court.

**2.** The first policy is contained in the Internal Revenue Manual P-5-60 (6-2-77). The second policy stems from Rev.Rul. 68-574, 1968-2 C.B. 595, wherein Weiss claims that the IRS will not pursue post-petition interest although it might do so. *See In re Busman*, 5 B.R. 332, 336-37 (Bkrtcy.E.D.N.Y.1980).

obligation is met, and an adjudication that the payments should have been credited to Lincoln would have entitled Lincoln to credits as great as its entire tax obligation. The difficulty with appellants' position, however, is that there was no such adjudication, but only a partial payment of the corporate obligation in settlement of the disputed claim against the bankrupt estate, a settlement with full reservation of rights against them, to which, after notice, they did not object."

"In *Spivak* the compromise of the bankrupt corporation's debt specifically provided that it should not prejudice further proceedings against corporate officers for penalties such as that created by Section 6672. While the referee's order in this case cannot satisfy or remove the officers' liability, it might nevertheless bar action against the Mondays were they to show that an administrative practice existed, such as referred to in *Spivak*, that the Government would not press its claim against the responsible officers where the corporate obligation has been met. Cf. 370 F.2d at 615."

*Monday v. United States*, 421 F.2d 1210, 1218 n. 7 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Weiss urges that both these cases "strongly suggest that liability will not be asserted against individual corporate officers where the delinquent withholding taxes can be collected from the company." Brief at 8.

▆▆▆ Unless the Court misunderstands, and neither Weiss' nor the government's papers clarify the matter, Weiss appears to assert that the law requires the IRS to go back to the Bankruptcy Court, Southern District of New York, to collect the interest at issue, or alternatively, to forego it pursuant to its declared policy. Nothing in *Spivak* or *Monday*, however, hints that either Court of Appeals would remove or limit the government's option to pursue its legitimate claim to taxes against any party liable therefor. Cases on point firmly reject a hierarchical system wherein the IRS must first pursue the corporation, usually in the Bankruptcy Court, to obtain taxes the corporation's officers are separately obligated to pay under § 6672. *Hutchinson v. United States*, 559 F.Supp. 890, 893–94 (N.D.Ohio 1982) (cases cited and discussed therein); *Cooper v. United States*, 539 F.Supp. 117, 121 (E.D.Va.1982), *aff'd*, 705 F.2d 442 (4th Cir.1983); *see Howard v. United States*, 711 F.2d 729, 736 (5th Cir. 1983); *Hornsby v. I.R.S.*, 588 F.2d 952, 954 (5th Cir.1979) (*per curiam*); *Datlof v. United States*, 370 F.2d 655, 656 (3rd Cir. 1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); *Maguire v. United States*, 80–1 U.S.T.C. ¶ 9300 (W.D. N.Y.1980); *Monday v. United States*, 342 F.Supp. 1271, 1275 (E.D.Wis.1972), *aff'd*, 478 F.2d 1404 (7th Cir.), *cert. denied*, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973); *cf. Pike v. United States*, 723 F.2d 232 (2d Cir.1983) (*per curiam*). This discretion of the IRS will not authorize a double recovery. *Hill, Christopher & Phillips v. United States Postal Service*, 535 F.Supp. 804, 810 (D.D.C.1982). Rather, in this case, Weiss would have the Court transform his obligation to pay into an obligation upon the government to collect on no greater proof than that the government failed to collect what it must have known was within easy reach. However, to rise to the level of an estoppel or abuse of discretion, the government must mislead the corporate officer, *see Spivak v. United States, supra,* or otherwise take action which justified the corporate officer in not remitting the taxes. *McCarty v. United States*, 437 F.2d 961, 972, 194 Ct.Cl. 42 (1971).

In this respect, *Anderson v. United States*, 77–2 U.S.T.C. ¶ 9701 (E.D.La.1977), relied on by Weiss as dispositive in his favor, is distinguishable. There, the corporate officer and his lawyer asked the district director of the IRS to file a claim against the corporation in the bankruptcy court. Eventually the IRS did so and was barred as untimely. The court found that, under the circumstances, the corporate officer, relying on his attorney's advice, had justifiably assumed that the IRS would pursue the corporation's assets which were

ample to satisfy the assessment. A comparable set of facts is neither presented nor urged at bar, *see, e.g., United States v. DeBeradinis,* 395 F.Supp. 944, 953 (D.Conn.1975), *aff'd,* 538 F.2d 315 (2d Cir. 1976); thus, this Court need not decide if *Anderson* is viable in this circuit.

Weiss also seeks to absolve himself of liability by virtue of an agreement with a committee of Hargil's creditors. Abramson and Weiss transferred the corporation's assets to this committee, which was supposed to pay Hargil's obligations in the priority required by law. Instead, the committee breached the agreement and pushed Hargil into involuntary bankruptcy. The Court does not apprehend the relevance of this theory to Weiss' requested discovery; however, whatever the relationship, Weiss could not shift his liability for these taxes to third parties. *See Kalb v. United States,* 505 F.2d 506, 510 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975); *Blake v. United States,* 534 F.Supp. 223, 225 (W.D.La.1982); *Guthrie v. United States,* 316 F.Supp. 1225, 1227 (E.D.Wis.1970); *Tiffany v. United States,* 228 F.Supp. 700, 702 (D.N.J. 1963); *see also Howard v. United States, supra.* Weiss has not detailed the terms of the alleged agreement; however, the averments of his attorney's affidavit permit the inference that Weiss acquiesced in any control the creditors exercised rather than that the creditors involuntarily took over. In *Totaro v. United States,* 533 F.Supp. 71 (W.D.N.Y.1981), *aff'd,* 697 F.2d 298 (2d Cir.1982), the court discussed the relevant precedents and noted the distinction between the two types of cases.

Weiss also desires to know what steps the IRS took to compel Hargil's trustee in bankruptcy to pay the taxes. What has been stated above with respect to the corporation applies equally to the government's discretion concerning which source of liability it chooses to pursue first.

In sum, Weiss has presented nothing to demonstrate that the requested discovery is relevant to this case. See Fed.R.Civ.P. 26(b)(1). Accordingly, Weiss' motion to dis-

miss the counterclaim pursuant to Fed.R. Civ.P. 37(d) is denied.

SO ORDERED.