**In re PROFESSIONAL TECHNICAL SERVICES, INC., Debtor.**

**Bankruptcy No. 86–02478–BSS.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Dec. 4, 1987.

Stuart J. Radloff, Clayton, Mo., for debtor.

Robert D. Metcalfe, Trial Atty.—Tax Div., U.S. Dept. of Justice, Washington, D.C., Frederick Dana, Asst. U.S. Atty., St. Louis, Mo., for U.S.

## MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

On October 29, 1987, the United States of America (hereinafter the "United States") filed a Motion To Amend Judgment (hereinafter the "Motion") seeking the amendment of this Court's Order of October 20, 1987, 78 B.R. 979, overruling the Objection To Confirmation filed by the United States of America on behalf of the Internal Revenue Service (hereinafter the "IRS") and Confirming the Debtor's Plan of Reorganization. In its Memorandum Of Law In Support Of Motion To Amend Judgment the United States cites this Court to new authority for its position that: 1) payments of priority tax claims in this Debtor's liquidating Chapter 11 plan are involuntary and not subject to allocation by the Debtor; and (2) the Court may not confirm a liquidating plan permitting the Debtor to allocate payment to the "trust fund" portion of federal employment taxes.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), which the Court may hear and determine.

## FINDINGS OF FACT

The pertinent prior judgment of this Court indicated that the facts underlying this controversy are not disputed. Since the United States' current Motion and supporting Memorandum present legal issues only, the facts as presented in this Court's Opinion and Order of October 20, 1987 are hereby incorporated as if set forth herein.

## DISCUSSION

The Internal Revenue Code requires employers to deduct and withhold a tax upon wages they pay. 26 U.S.C. § 3401(a). The taxes withheld are deemed to be held in a special fund in trust for the United States. 26 U.S.C. § 7501(a). Liability for these "trust funds" is imposed first upon the employer, pursuant to 26 U.S.C. §§ 3102(a) and 3403. In addition to this liability to pay the withheld "trust funds" to the IRS, the Internal Revenue Code provides a penalty for noncompliance. The penalty is imposed as a personal liability upon the person required to withhold such funds, in an amount equal to the funds not collected by the IRS. 26 U.S.C. § 6672. There is no personal liability for unpaid nontrust fund taxes.

Where an employer, debtor, owes both "trust fund" and nontrust fund taxes, the allocation of funds paid to the IRS is crucial to the determination of personal liability for the "trust fund" portion owed. By designating the allocation of payments under a debtor's plan to the IRS, a debtor is able to reduce the personal liability of the corporate officer responsible for maintaining the "trust funds". On the other hand, the IRS desires to allocate the payments under a debtor's plan to nontrust fund liabilities, leaving in place the balance of the

Debtor's tax liability as well as that of the responsible officer.

When a taxpayer makes voluntary payments to the IRS, he has a right to direct the application of payments to whatever type of liability he chooses. *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir. 1964). If a taxpayer makes a voluntary payment without directing the application of the funds, the IRS may make whatever allocation it chooses. *Liddon v. United States*, 448 F.2d 509, 513 (5th Cir.1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972). When a payment is involuntary, the IRS policy is to allocate the payment as it sees fit. Policy Statement P-5-60, reprinted in Internal Revenue Manual (CCH) 1305-15. Whether payments made by a taxpayer are voluntary or involuntary was discussed in the frequently cited definition found in *Amos v. Commissioner*, 47 T.C. 65, 69 (1966):

"An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the government is seeking to collect its delinquent taxes or file a claim therefor."

The IRS in this case contends that since the Service filed a proof of claim in the Chapter 11 Bankruptcy Proceeding [1] and since the Debtor's Plan is designed primarily to aid the Debtor's responsible officer in avoiding the 100% penalty assessment, that such payment is involuntary and the Debtor's plan of allocation is improper. For the reasons cited herein the Court concludes that the mere filing of a proof of claim by the IRS and confirmation of a debtor-in-possession plan in the context of a Chapter 11 case do not amount to an involuntary payment.

While the Eighth Circuit Court of Appeals has not ruled upon the issue of whether a debtor may allocate payment of "trust fund" taxes pursuant to a confirmed Chapter 11 plan, three other circuits have specifically addressed this issue, along with

---

1. The IRS is not required to even file a proof claim in a Chapter 11 proceeding if the debtor scheduled the correct amount and did not dispute the debt. See Rule 3003(c)(2).

a Bankruptcy Appellate Panel in the Ninth Circuit. Existing case law leads to three basic conclusions in determining the characterization of payment in a Chapter 11 Bankruptcy proceeding: 1) that such payments are involuntary; (2) that the determination of the nature of such payments should be made on a case-by-case basis and (3) that such payments are voluntary.

In *Matter of Ribs–R–Us, Inc.*, 828 F.2d 199 (3rd Cir.1987) the Third Circuit held that a payment of pre-petition taxes to the IRS in a Chapter 11 Bankruptcy reorganization is involuntary and thus not subject to employer allocation. This holding rests upon the view that the restrictions imposed by the Code upon a debtor in a Chapter 11 proceeding render the payment of taxes involuntary. The Third Circuit bases its restrictive view upon various limiting factors found within the scheme of the Bankruptcy Code including the following: the status of a debtor as a fiduciary for the benefit of creditors, the debtor-in-possession being bound by the terms of its plan, and the Bankruptcy Court's discretionary power under §§ 105(a) and 1142(b). The *Ribs–R–Us* Court supported its view with the following analysis from the dissent in the case of *In re Technical Knockout Graphics, Inc.*, 68 B.R. 463, 469 (9th Cir. BAP 1986):

> Debtors who file under *any* chapter of the bankruptcy code have few, if any, options. As a practical matter, they file bankruptcy because it is a last chance for a relatively ordered financial liquidation or rehabilitation rather than the out-of-control financial debacle facing them on the eve of bankruptcy.

This Court disagrees with the restrictive view of Chapter 11 that the *Ribs–R–Us* Court adopts and the result flowing there-

from. The view adopted herein is rather that Chapter 11 offers a full spectrum of opportunities for creditor treatment; giving the debtor-in-possession several options, few of which are limited. The fatal error in the Third Circuit view is equating *"restricted"* with *"involuntary"*.

The Eleventh Circuit rejected the position "that all payments made under a Chapter 11 reorganization are involuntary" and assumed the intermediate position that " 'the allocation question in a Chapter 11 case under the Bankruptcy Code should be left to judicial discretion to be decided on a case-by-case basis,' " *In re A & B Heating & Air Conditioning*, 823 F.2d 462 (11th Cir.1987); *quoting In re B & P Enterprises, Inc.*, 67 B.R. 179, 183 (Bankr.W.D.Tenn. 1986). The Eleventh Circuit opinion advocated determining the allocation of tax payments based upon a "consideration of the bankruptcy plan as a whole", and " 'equitable reasons warranting such allocations' ". *Matter of A & B Heating & Air Conditioning*, 823 F.2d at 465–466, quoting *In re B & P Enterprises*, 67 B.R. 179, 183 (W.D.Tenn.1986).

This Court believes that the Eleventh Circuit alternative ignores the framework utilized by the IRS, the Tax Court and prior case law. IRS policy statements along with the *Amos*, *O'Dell* and *Liddon* decisions provide for a method of allocating the payment of taxes based upon a voluntary/involuntary determination. While some of the factors noted by the Court in *A & B Heating* seem appropriate to the voluntary/involuntary determination[2], other factors utilized ignore this determination and instead look to the merits of whether a debtor *deserves* the opportunity to allocate tax payments.[3] This Court, though a Court of equity, finds it inappropriate to

---

**2.** The factors appropriate to a determination based upon the voluntary/involuntary question include:

> the absence or existence of pre-bankruptcy collection or "enforced collection measures" of the IRS against the corporation and responsible *corporate* officers; ... the presence, extent and nature of administrative and/or court action; the presence of pre- or post-bankruptcy agreements between the debtor (or trustee) and the IRS.

*Matter of A & B Heating & Air Conditioning*, 823 F.2d at 466.

**3.** The factors which seem inappropriate to the determination include: "the history of the debtor, ... the nature and contents of a Chapter 11 plan (e.g. last resort liquidation or reorganization); ... and the existence of exceptional or special circumstances or equitable reasons warranting such allocation."

*Matter of A & B Heating & Air Conditioning*, 823 F.2d at 466.

ignore accepted, more objective legal standards in favor a subjective determination of whether the debtor deserves the opportunity to allocate.[4]

This Court adopts a third position which characterizes the payment of pre-petition taxes within the Bankruptcy context as voluntary payment. It is this Court's view that the Bankruptcy Code provides a Chapter 11 debtor with a variety of options within the statutory scheme. Support for this view is found in case law as well as the Bankruptcy Code.

Chapter 11 provides a thorough framework designed to allow a debtor to either reorganize or effectuate an orderly liquidation. While the Code burdens a debtor with certain requirements for confirmation,[5] it also provides a debtor with certain protections, opportunities, and options unavailable outside of Bankruptcy. The Code for example, rather than a proceeding to expedite the collection of taxes, provides a vehicle for a debtor to defer the time for payment of taxes up to six years.[6] Debt payment guidelines which may restrict a debtor to a choice between certain alternatives allowable under the Code do not leave the debtor without options. Payment under a confirmed plan made within a legislative scheme such as the Code if perceived as restrictive is certainly not involuntary.

The standard definition of an involuntary payment of Federal Taxes found in the *Amos* case indicates that the characterization of "involuntary" contemplates an action by the IRS which would compel payment by the debtor. This Court believes a

bankruptcy proceeding with a broad purpose of providing a forum and framework for debtors and creditors to negotiate a settlement of claims payment to be substantially different from distraint or levy or other legal proceeding instituted by the IRS for the purpose of establishing and compelling payment of taxes.

Case law also contains reasoning supporting the view that payment of pre-petition taxes in the context of a Chapter 11 reorganization is properly characterized as voluntary. The Seventh Circuit has not decided the precise issue involved herein but two of that Circuit's cases are instructive. Although *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983) did not involve a bankruptcy, the reasoning in that decision supports this Court's view.[7] The *Muntwyler* Court reasoned that:

> The distinction between a voluntary and involuntary payment in *Amos* and all other cases is not made on the basis of the presence of administrative action alone, but rather the presence of court action or administrative action resulting in an actual *seizure* of property or money as in a levy. No authorities support the proposition that a payment is involuntary whenever an agency takes even the slightest action to collect taxes, such as filing a claim or, as appears to be a logical extension of the Government's position, telephoning or writing the taxpayer to inform him of taxes due.

*Muntwyler,* 703 F.2d at 1033.

The Eleventh Circuit found support for its reasoning in an IRS policy statement

---

**4.** This Court disagrees with the Eleventh Circuit view in this case. One specific point of disagreement is found with the Eleventh Circuit statement that "the code expresses a preference toward reorganization rather than liquidation;" *Matter of A & B Heating & Air Conditioning,* 823 F.2d at 465. No authority is cited for this general proposition and this Court believes that no such supportive authority exists. The Bankruptcy Code itself in no way expresses a preference for reorganization over liquidation and no such interpretation of the Code is known to this Court. The Code rather attempts to balance the competing interests and provide a framework for that balancing which results in maximizing the benefits accruing to each interest. Further support for this Court's position that the Code does not prefer reorganization is found in an Illinois Bankruptcy Court's opinion stating that:

"a liquidation under Chapter 11 is often preferable when the liquidation can proceed in a more orderly, expeditious, and less expensive manner under the control of the debtor". *In re Jartran, Inc.,* 71 B.R. 938, 942 n. 6 (Bankr.N.D. Ill.1987).

**5.** See 11 U.S.C. § 1129 generally.

**6.** See 11 U.S.C. § 1129(a)(9)(C).

**7.** The *Muntwyler* Court involved an IRS claim filed in the context of an assignment for the benefit of creditors. While the Seventh Circuit indicated in footnote 2 that the outcome might have been different in the context of a bankruptcy, this dicta in response to an IRS argument is not persuasive to this Court.

dealing with officer liability for trust fund taxes:

The strongest indication that our holding is correct is the language of the IRS policy statement on which the Government bases its claim in this case. In discussing 26 U.S.C. § 6672, the section making a corporate officer liable for trust fund taxes, the statement says: "The taxpayer, of course, has no right of designation in the case of collections resulting from *enforced collection measures.*" Policy Statement P–5–60, reprinted in Internal Revenue Manual (CCH) 1305–15 (emphasis added). Use of the phrase "enforced collection measures" belies the Government's contention that any administrative action is enough to render payment made in response to that action involuntary. We do not understand how the Government can reasonably argue that merely filing a claim for back taxes is an "enforced collection measure."

*Muntwyler,* 703 F.2d at 1033.

Citing additional authority the *Muntwyler* Court concludes that "the cases uniformly define an involuntary payment as one made pursuant to judicial action or some form of administrative seizure, like a levy." *Muntwyler,* 703 F.2d at 1033.

In a subsequent bankruptcy decision *Matter of Avildsen Tools & Machine, Inc.,* 794 F.2d 1248 (7th Cir.1986) the Seventh Circuit cited *Muntwyler* with approval, but did not reach the precise issue we face because of a contractual arrangement between the IRS and the debtor. A Ninth Circuit Bankruptcy Appellate Panel refused to overturn a Bankruptcy Court's decision allowing a Chapter 11 debtor to allocate tax payments; stating that: "while the reorganization includes legal proceedings, the actions of the debtor, at least in a Chapter 11 matter, are mainly voluntary." *In re Technical Knockout Graphics, Inc.,* 68 B.R. 463, 466 (9th Cir. BAP 1986).

▆▆▆ Having reviewed the three basic characterizations of the payment of taxes under a debtor-in-possession plan, this Court adopts the perspective that such payments are voluntary. The Third Circuit's involuntary characterization is based upon the erroneous construction equating restrictions imposed on a debtor by the Bankruptcy Code with an "involuntary" payment. The Eleventh Circuit's case-by-case approach is an overbroad analysis of the previously structured voluntary/involuntary determination. This Court adopts the view that a debtor-in-possession plan in a Chapter 11 proceeding affords a debtor opportunities for structuring payment within the Code's framework. A debtor's Chapter 11 proceeding and plan do not, in this Court's view comprise a forum for compelling the payment of claims, but rather a framework for negotiating the payment of claims. This view leads this Court to conclude that the Debtor's payments under the Chapter 11 Plan are voluntary and may therefore be allocated by the Debtor in a confirmable plan.

This Court does not believe that the decisional criterion adopted herein leaves the IRS in a disadvantaged position. Although the IRS in this case has apparently chosen not to pursue the individual liability of the Debtor's corporate officers under 26 U.S.C. 3102(a) and 3403 prior to pursuing the Corporate Debtor's joint liability for the "trust fund" taxes, the IRS is in no way prohibited from obtaining payment of these taxes from the individuals prior to receiving payment by a corporate debtor. In another case dealing with the same withholding tax provisions of the Internal Revenue Code, a Wisconsin District Court concluded that: 'Cases firmly on point reject a hierarchical system wherein the IRS must first pursue the corporation, usually in the Bankruptcy Court, to obtain taxes the Corporation's officers are separately obligated to pay under § 6672.' " *U.S. v. Davel,* 669 F.Supp. 924, 928 (E.D.Wis.1987); *quoting Abramson v. United States,* 39 B.R. 237, 239 (E.D.N.Y.1984). An Order consistent with this Memorandum Opinion shall be issued simultaneously herewith.

### ORDER

Upon consideration of the Motion To Amend Judgment (Motion D) and the Memorandum Of Law In Support of the Motion

filed by the United States on October 29, 1987, and the Debtor's Response to the Motion, filed November 16, 1987; it is

ORDERED that this Court's Order of October 20, 1987, shall not be amended in that the United States' Objection to the Debtor's Plan shall be OVERRULED and the Debtor's Plan shall be CONFIRMED.