In re WORLD WIDE INNS, INC. d/b/a Quality Inn–Airport and d/b/a Quality Inn South, Debtor.

Bankruptcy No. 87–00421–C.

United States Bankruptcy Court, N.D. Oklahoma.

March 2, 1989.

Timothy J. Sullivan, Tulsa, Okl., for debtor.

Peter Bernhardt, Asst. U.S. Atty., Tulsa, Okl., for I.R.S.

## OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

On February 28, 1989, a hearing was held upon the confirmation of the Plan of Reorganization ("Plan") submitted by World Wide Inns, Inc. ("World Wide Inns"). Essentially the Plan provides for a liquidation with the payment in full of all claims due the Internal Revenue Service ("IRS") out of the proceeds of the sale of the Debtor's property. The IRS objected to the confirmation of the Plan on the grounds that it provided that payments made under the Plan to the IRS would be applied first to the Debtor's trust fund liabilities. This Court confirmed the Plan with the consent of the IRS and took under advisement the issue of whether the Debtor has a right to designate in its Plan of Reorganization that the payments to the IRS be first applied on the trust fund portion of its claim.

The evidence establishes that the Debtor owes the IRS, on prepetition taxes, in excess of $100,000.00. Seventy-two percent (72%) of this liability is a trust fund liability for social security and withholding taxes withheld from employees' wages. The Debtor wishes the first payments to be applied to the trust fund liability because if these are paid first then the responsible officers of the Debtor would be relieved from any liability. The IRS, on the other hand, wants to apply the first payments received on the non-trust fund liability of the Debtor on the theory that if the Debtor's assets do not pay the claim in full any amount unpaid on the trust fund liabilities can be recovered from the responsible officers. 26 U.S.C. § 6672.

The parties all agree that the Debtor is not entitled to designate the application of the payments unless they are viewed as voluntary. If viewed as involuntary, then the IRS can determine the application of the payments. *Matter of Ribs–R–Us, Inc.*, 828 F.2d 199 (3rd Cir.1987); *In re DuCharmes & Co.*, 852 F.2d 194 (6th Cir.1988); *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797 (9th Cir.1987).

In *Amos v. Comm'r.*, 47 T.C. 65 (1966) the Tax Court gave the following definition of involuntary payment:

An involuntary payment of federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the government is seeking to collect its delinquent taxes or file a claim therefore.

The issue to be decided, therefore, is whether payments of tax claims to the IRS under a confirmed Chapter 11 Plan of Reorganization are voluntary or involuntary within the definition set forth in the Amos case. This question has been a thorn in the side of many courts and there are, not unexpectedly, differences of opinion. In the case of *In re Professional Technical Servs., Inc.*, 80 B.R. 157 (1987), the Bankruptcy Court in a very learned discussion of the issue, held that payments made under a confirmed Chapter 11 Plan of Reorganization were voluntary and that the debtor could designate how the payments were to be applied. In the case of *United States v. A & B Heating & Air Conditioning, Inc.*, 823 F.2d 462 (11th Cir.1987), the Court held that the allocation in a Chapter 11 case should be left to judicial discretion and be decided on a case-by-case basis.

In the *Matter of Ribs–R–Us, Inc.*, 828 F.2d 199 (3rd Cir.1987), the Court in discussing this issue stated as follows:

We respectfully disagree with the approach taken by the Eleventh Circuit. It appears to us that whether a payment of taxes made by a debtor in a Chapter 11 reorganization is to be construed as voluntary for purposes of the debtor's ability to designate to which taxes the payment is to be applied is a question of law rather than an issue for the exercise of discretion. A uniform federal rule is preferable so that debtors, creditors, and the Internal Revenue Service will be able to know in advance whether the debtor can make such a designation and guide their decisions accordingly.... We conclude for the reasons stated above that payments to the IRS on pre-petition priority tax liabilities by a debtor in reorganization under Chapter 11 of the Bankruptcy Code are involuntary, and therefore cannot be allocated by the debtor or the bankruptcy court to the debtor's trust fund liabilities. Such an allocation is in derogation of Congress' strong policy, reflected in section 6672, to protect the government's tax revenues by insuring an additional source from which trust fund taxes can be collected. The IRS is entitled to allocate tax payments from the Chapter 11 debtor in a manner that maximizes its ability to fully recover taxes owed.

*See also In re DuCharmes & Co.*, 852 F.2d 194 (6th Cir.1988) where the Court stated:

Upon review of the relevant statutes and caselaw, we agree with the Third and Ninth Circuits that payments made to the IRS on pre-petition tax liabilities by a Chapter 11 debtor ought to be considered "involuntary payments" that may not be allocated to pay the debtor's trust fund liabilities first.

*See also In re Technical Knockout Graphics, Inc.*, 833 F.2d 797 (9th Cir.1987).

This Court agrees with the conclusions reached by the United States Courts of Appeals for the Third, Sixth and Ninth Circuits discussed above and holds that payments under a confirmed Chapter 11 Plan of Reorganization are involuntary and the debtor cannot allocate or designate that they be applied to its trust fund liability.

SO ORDERED.