**Robert W. MONDAY, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**John A. MONDAY, Third-Party Defendant.**

**Civ. A. No. 66–C–140.**

United States District Court,
E. D. Wisconsin.

June 8, 1972.

15. *Id.* at p. 7.

16a. *Id.*

17. Tr. 58.

18. Tr. 84.

Martin J. Torphy and E. Champion Kersten, Milwaukee, Wis., for plaintiff.

Fred B. Ugast, Asst. Atty. Gen., David A. Wilson, Jr., and Thomas R. Jones, Attys., Dept. of Justice, Washington, D. C., and David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendant and third-party plaintiff.

Francis J. Demet, Milwaukee, Wis., for third-party defendant.

## MEMORANDUM OPINION AND ORDER FOR JUDGMENT

REYNOLDS, Chief Judge.

This is a tax refund action in which the issues are whether Robert W. Monday, plaintiff, and John A. Monday, third-party defendant, were persons responsible, under 26 U.S.C.A. § 6672, to collect and pay over withholding taxes of the employees of the P. C. Monday Tea Company for the third and fourth quarters of 1960 and, if so, whether any failure to collect and pay over was willful.

In June of 1968 a jury verdict was returned which found that both Robert W. Monday and John A. Monday were persons responsible to collect and pay over the taxes but that any failure to do so was not willful. The Government moved for judgment notwithstanding the verdict and for a new trial. These motions were denied, Monday v. United States, 294 F.Supp. 1384 (E.D.Wis.1969), and the Government appealed. The court of appeals reversed the judgment of this court on the ground that the jury had been improperly instructed on the question of willfulness. Monday v. United States, 421 F.2d 1210 (7th Cir. 1970). This court's judgment was reversed with instructions to enter judgment for the United States and against John A. Mon-

day and to grant a new trial to Robert W. Monday on the question of his willfulness. The court of appeals then ordered, in denying petitions for rehearing, that judgment against John A. Monday not be entered until this court had considered the matters discussed in footnotes 7 and 8 of the opinion of the court of appeals. Monday v. United States, supra, at 1218–1219. The only matters presently pending before this court under the court of appeals mandate relate to John A. Monday.[1]

After the mandate of the court of appeals was received, the third-party defendant John A. Monday filed a motion to strike Exhibit 19 in the original trial and to dismiss the third-party complaint. Monday argues that the certification attached to Exhibit 19 states that John A. Monday's liability is for the third and fourth quarters of 1964, whereas the complaint alleges that the liability was for the third and fourth quarters of 1960. It is Monday's position that this discrepancy is jurisdictional and requires dismissal of the third-party complaint. John A. Monday has also moved for a jury trial on the issue of his willfulness. It is Monday's contention in this regard that the court of appeals in directing the entry of judgment against him deprived him of his constitutional right to a jury trial.

If this court were to grant the motion to strike Exhibit 19 and dismiss the third-party complaint or grant a new trial on the issue of willfulness, it would be acting contrary to the mandate of the court of appeals directing the entry of judgment against John A. Monday. A district court is required to follow the mandate of a court of appeals and may not take action inconsistent with it. Paull v. Archer-Daniels-Midland Co., 313 F.2d 612 (5th Cir. 1963). Any contention that a mandate of the court of appeals is improper should be addressed to the court of appeals and not to the district court. Federal Home Loan Bank of

1. Upon retrial the jury found that Robert W. Monday did not willfully fail to pay over taxes withheld from employees of the P. C. Monday Tea Company for the third and fourth quarters of 1960.

San Francisco v. Hall, 225 F.2d 349 (9th Cir. 1955); see Clark v. Travelers Indemnity Company, 328 F.2d 819 (7th Cir. 1964). Consequently, both the motion to strike Exhibit 19 and the motion for a jury trial on the issue of willfulness must be denied. While I recognize that the foregoing authorities are determinative of the issues raised by the two motions of John A. Monday, I would like to add the following observations to indicate that no different result would have been reached if I were free to consider the motions on their merits.

■ In directing the entry of judgment against John A. Monday, the court of appeals in effect granted a judgment notwithstanding the verdict, which it was clearly empowered to do. Section 2106 of Title 28 U.S.C. provides:

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

The constitutional propriety of the court of appeals granting a judgment notwithstanding the verdict was decided by the Supreme Court in Neely v. Martin K. Eby Construction Co., Inc., 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967).

■ Exhibit 19 consists of three documents: (1) a blue paper which is the certification of W. S. Stumpf, District Director, that the "Assessment Certificate, Form 23C," attached thereto, has been compared with the original and is a true copy thereof; (2) the Form 23C, "Assessment Certificate," dated October 16, 1964; (3) a copy of the "Certificate of Assessments and Payments" of John A. Monday reflecting a liability for the third and fourth quarters of 1960, which has been certified by W. S. Stumpf to be a true and complete statement. Monday's motion to strike

the exhibit is based on the recital on W. S. Stumpf's blue certificate (document 1 of Exhibit 19) that the assessment against John A. Monday is for the third and fourth quarters of 1964, not 1960 as alleged in the third-party complaint. This recital is an obvious clerical error. It should recite an assessment for the third and fourth quarters of 1960. The fact that the 1964 date is an error is made clear by reference to the third document of Exhibit 19—the Certificate of Assessments and Payments—showing John A. Monday's liability for the third and fourth quarters of 1960. The error is further evidenced by the fact that the Assessment Certificate is dated October 16, 1964, and thus could not reflect any assessment for the fourth quarter of 1964 which ended on December 31, 1964. In addition, Monday has made no showing whatsoever that he was disadvantaged by the erroneous date on the blue certification. The error is not shown to have affected any of Monday's rights. Rule 61 of the Federal Rules of Civil Procedure. Finally, the error complained of does not relate to the assessment itself but rather only to the document certifying the authenticity of the Assessment Certificate.

The mandate of the court of appeals directed that the entry of judgment against John A. Monday be deferred pending consideration of the matters referred to in footnotes 7 and 8 of the court of appeals decision. Footnote 7 raises the question of whether the Government has an administrative practice of not pressing its claim against responsible officers where the corporate obligation has been met. The Government has conceded that it does have such an administrative practice. The existence of such a practice gives rise to further questions concerning the correctness of certain aspects of the commissioner's computation of the amount of the assessment against John A. Monday.

■ Monday asserts that the assessment against him should be reduced by the amount of $7,400.00 which is the value of accounts receivable of the P. C.

Monday Tea Company, bankrupt, which were assigned to the Government by the bankruptcy court.[2] The record shows that no collection effort was taken by the Government and nothing has been realized from this assignment. In these circumstances the assessment against Monday should not be reduced because of the assignment of the accounts receivable since the individual responsible officer, and not the Government, has the responsibility for seeing that the withholding taxes are paid over. See Datlof v. United States, 370 F.2d 655 (3rd Cir. 1966), cert. denied 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); Cash v. Campbell, 346 F.2d 670 (5th Cir. 1965).

■ Monday also contends that the assessment should be reduced by the amount of $3,167.57 which is a portion of the money received by the Government in the bankruptcy proceeding and applied to the obligation of the P. C. Monday Tea Company contrary to the order of the referee in bankruptcy. However, the money was applied to reduce the corporate liability, and John A. Monday, whose individual liability is separate from that of the corporation, does not have standing to object to the manner in which it was applied since a debtor whose debt is paid involuntarily may not direct the application of his funds as he chooses. O'Dell v. United States, 326 F.2d 451 (10th Cir. 1964).

■ Finally Monday claims that the assessment should be reduced by the amount of $4,500.00, which was paid to the Internal Revenue Service in March 1961 at the request of its collection agent Pietrzak. John A. Monday testified at the trial in June 1968 that this amount was to be applied to tax obligations current in March of 1961. Consequently, this amount should not be taken into account in reducing the assessment for the third and fourth quarters of 1960.

The commissioner's computation of the assessment in the amount of $11,948.17 is correct.