Henry VAN WESTERHUYZEN and Ann Van Westerhuyzen, Plaintiffs,

v.

UNITED STATES TREASURY DEPARTMENT, Defendant.

No. 3–72–Civ–86.

United States District Court,
D. Minnesota,
Third Division.

Nov. 13, 1975.

Richard W. Johnson, Red Wing, Minn., atty. for plaintiffs.

Robert G. Renner, U. S. Atty., Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., and Richard F. Mitchell, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiffs, former owners and operators of the Red Wing Fiberglass Corporation, contend that they are entitled to a refund of a penalty assessed by the Internal Revenue Service. The court has jurisdiction. 28 U.S.C.A. § 1346(a) (1). Defendant has moved for summary judgment.

In 1962, the corporation went bankrupt owing federal employment taxes for the second, third and fourth quarters of 1961. The Service determined that plaintiffs were responsible for those taxes and, pursuant to the authority of 26 U.S.C.A. § 6672, assessed, as a penalty against them personally, an amount equal to the taxes owed by the corporation for the second and third quarters of 1961. The allegations of the complaint indicate that plaintiffs have paid at least a portion of that assessment and are requesting a refund of $8,404.71.

The Internal Revenue Code requires an employer to deduct and withhold from an employee's wages specified amounts for the employee's income taxes and for the employee's share of the social security taxes. The amounts withheld are required to be set aside in a special trust fund for the benefit of the United States. 26 U.S.C.A. § 3402. Section 6672 provides that:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax or willfully attempts in any manner to evade or defeat such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Because Mr. and Mrs. Van Westerhuyzen were not only the owners of the corporation but also its president and vice-president, respectively, they were responsible for withholding the employment taxes and paying them over to the Government. Although they did not perform this duty, they allege that they are entitled to recover because defendant acted negligently in not trying to first satisfy tax liability out of the assets of the bankrupt corporation.

Section 6672 "imposes a personal liability for the withheld amounts upon the individual officers or agents required to collect, account for, and pay over [employment taxes], who are responsible for the corporation's default." *Kelly v. Lethert,* 362 F.2d 629, 633 (8th Cir. 1966). The result of this section is to make the responsible officers equally liable with the corporation to the Government and it "may proceed against either in the order best suited in its judgment to collect the unpaid tax." *Id.* at 635. Therefore, defendant is not required to first try to satisfy the tax liability from the assets of the bankrupt corporation but

may properly proceed in the first instance against plaintiffs.

It is ordered that defendant's motion for summary judgment is

Granted.