Charles L. HUTCHINSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C 79–1486.

United States District Court, N.D. Ohio, E.D.

Dec. 29, 1982.

Richard F. Stevens, Cleveland, Ohio, for the taxpayer.

James C. Lynch, Asst. U.S. Atty., Cleveland, Ohio, Jonathan B. Forman, Tax Div., Dept. of Justice, Washington, D.C., for the government.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiff Charles L. Hutchinson brings this action pursuant to 28 U.S.C. § 1346(a)(1) to recover withholding taxes paid by him to the Internal Revenue Service (IRS) and for a declaration that an assessment made against him by the IRS pursuant to 26 U.S.C. § 6672 is illegal and improper. The United States has filed a counterclaim to enforce payment of the assessment, and has moved for summary judgment.

The undisputed facts show that plaintiff was president and treasurer of the Matthews Company during the fourth quarter of 1974 and the first quarter of 1975. During this period, the Company was experiencing severe economic distress, and plaintiff had discussions with the IRS concerning difficulties Matthews would have in paying employee withholding taxes during those quarters. Matthews was able to make only a partial payment in December, 1974, and on February 3, 1975 the IRS filed a tax lien on the Matthews Company. On April 17, 1975 the Company filed a petition for bankruptcy, listing the defendant as a creditor. The government entered a general appearance but did not assert any claim for the back taxes against the corporation and did not file a proof of claim form for such amounts due within the time ordered by the bankruptcy court. On July 17, 1978 the IRS assessed a 100 per cent penalty against Hutchinson in the amount of twenty-six thousand, nine hundred thirty-five dollars and ninety-five cents ($26,935.95) representing the unpaid withholding taxes. Hutchinson paid two hundred and twenty-three dollars and fifty cents ($223.50) of this amount on January 22, 1979, and filed the instant action shortly thereafter.

Plaintiff bases his prayer for relief upon three grounds. First, he asserts that any failure by him to pay over the taxes was not willful—a necessary element for liability under § 6672. Second, he alleges that the government is estopped from assessing the tax liability against him inasmuch as it failed to take steps to collect the taxes from the assets of the bankrupt company. Third, he asserts the assessment was made after the applicable statute of limitations had run.

## I.

The statutory section under which the government made its assessment provides:

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or ·not accounted for and paid over....

26 U.S.C. § 6672. The purpose of this section is to assure the payment of withheld taxes, but personal liability thereunder is not absolute.

First, the individual against whom the assessment is made must be a responsible person—one "required to collect, truthfully account for, and pay over" federal taxes. In determining whether an individual is a responsible person, the proper analysis focuses on whether that person had and exercised authority as to what bills or creditors should or should not be paid, and when. *Feist v. U.S.,* 221 Ct.Cl. 531, 607 F.2d 954 (Ct.Cl.1979). There may be more than one responsible person within a company, and it is not necessary that the individual against whom the assessment is made be responsible for all of the duties set forth in the statute. *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). In the instant action, plaintiff's admissions and deposition testimony show that during all relevant times he was the majority shareholder of Matthews, as well as its president, treasurer, chairman of the board, and chief operating officer. He was responsible for filing the corporation's payroll tax returns, for paying withheld federal taxes, and for making the federal tax de-

posits. He was aware of the unpaid tax liability, and he made the decisions to apply the company's cash assets to other obligations in lieu of the tax liability. Based upon these facts, this Court has little difficulty in holding that plaintiff was a responsible person.

Once an individual has been identified as responsible, it must be ascertained if his failure to pay was "willful." Plaintiff strongly argues that this element is lacking in his case. When his company first fell behind in its payment of withholding taxes in the fourth quarter of 1974, he initiated and maintained contact with the Internal Revenue Service in Sandusky, Ohio, keeping them apprised of the corporation's cash flow problems. It also appears that through discussions with IRS agents and counsel retained to advise the corporation on bankruptcy matters, plaintiff came to believe that there would be sufficient corporate assets with which to pay the taxes. However, "willful" as used in § 6672 does not require proof of an intent to defraud or an evil motive; rather, it means an intentional, voluntary or conscious act or omission. Willfulness is shown if a responsible person knows that money owing to the government for unpaid withholding taxes is used for other corporate purposes. *Hornsby v. Internal Revenue Service,* 588 F.2d 952 (5th Cir.1979). Furthermore, whatever the advice was that Hutchinson received from his attorney regarding the payment of taxes, it was insufficient to constitute "reasonable cause" to excuse payment thereof. *Newsome v. United States,* 431 F.2d 742 (5th Cir.1970). His belief that there would be sufficient corporate assets to cover this liability is insufficient to have given him reasonable cause not to have paid the taxes due while the corporation was still a going concern.

Plaintiff places great reliance upon the holding of *Tozier v. United States,* 652 USTC ¶ 9621 (W.D.Wash.1965) in arguing his lack of willfulness. *Tozier,* however, is an unusual case and factually distinguishable from the case at bar. In *Tozier* there was a specific agreement between the IRS

and the individuals who would be subjected to § 6672 liability that the corporation— National Plywood—would continue to operate as long as possible, with the IRS filing tax liens to protect itself. In the event the company was no longer able to operate, the plaintiff was to notify the IRS in advance of liquidation proceedings so that the IRS could seize sufficient assets to pay those employment taxes that would result in § 6672 liability. The IRS subsequently seized assets, but rather than applying the proceeds to the unpaid employment taxes, applied some to the payment of the employer's portion of unpaid FICA taxes and released another portion to the bankruptcy court for payment to creditors having claims subordinate to those of the IRS. The Court held that:

> [t]he failure of defendant to collect any withholding taxes and employees' portions of FICA from National was due to its own acts and conduct in permitting, causing or suffering assets of said corporation to be dissipated, lost or paid to persons or entities whose claims and charges were inferior and subordinate to the defendant's claims for such taxes.
>
> \*　\*　\*　\*　\*　\*
>
> [N]one of plaintiffs or third-party defendants, under the circumstances of this case, willfully failed to collect any tax, or truthfully account for and pay over any tax, or willfully attempted in any manner to evade or defeat any tax or the payment thereof to the defendant.

Such is not the situation here. Except for allusions to discussions with IRS agents, plaintiff has come forth with no evidence of an agreement such as existed in *Tozier.* Nor has plaintiff demonstrated any action by the IRS, as will be discussed more fully in the next section, that would negate the willful requirement of § 6672. For this reason, this Court finds that plaintiff's actions were willful within the meaning of 26 U.S.C. § 6672.

Plaintiff next argues that the government is estopped from assessing the 100 per cent penalty against him because they failed to take steps to collect the unremitted taxes from the bankrupt corporation.

The many courts that have previously considered this argument have found it unpersuasive. As has been succinctly stated in *Van Westerhuyzen v. United States Treasury Dep't,* 407 F.Supp. 334, 335–36 (D.Minn.1975):

> Section 6672 "imposes a personal liability for the withheld amounts upon the individual officers or agents required to collect, account for, and pay over [employment taxes], who are responsible for the corporation's default." *Kelly v. Lethert,* 362 F.2d 629, 633 (8th Cir.1966). The result of this section is to make the responsible officers equally liable with the corporation to the Government and it "may proceed against either in the order best suited in its judgment to collect the unpaid tax." *Id.* at 635. Therefore, defendant is not required to first try to satisfy the tax liability from the assets of the bankrupt corporation but may properly proceed in the first instance against the plaintiffs.

*See also Monday v. United States,* 421 F.2d 1210 (7th Cir.), *cert. den.* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970), *on remand,* 342 F.Supp. 1271 (D.Wis.1972); *Spivak v. United States,* 370 F.2d 612 (2nd Cir.1967), *cert. den.* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1968).

For this reason, plaintiff's argument that the government should be estopped does not present a valid defense to the assessment.

### III.

Plaintiff's complaint also avers that the assessment was made after the three-year statute of limitations set forth in 26 U.S.C. § 6501(a). However, 26 U.S.C. § 6501(c)(4) provides that the period may be extended by agreement of the parties. The government attached as an exhibit to its Answer and Counterclaim a Form 2750 executed by plaintiff and an agent of the defendant extending the time within which to assess the § 6672 penalty until December 31, 1979. Inasmuch as the assessment was made on July 17, 1978, it was not barred by the applicable statute of limitations.

For the foregoing reasons, the defendant's motion for summary judgment on its counterclaim is granted. The plaintiff's complaint is dismissed. This action is terminated.

IT IS SO ORDERED.