**In re ARROW TRANSFER AND STORAGE CO., Debtor.**

**ARROW TRANSFER AND STORAGE CO., Debtor-in-Possession, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 1–84–00865.**
**Adv. No. 1–84–0182.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 20, 1984.

J. Thomas Mann, Thomas, Mann & Gossett, Chattanooga, Tenn., for plaintiff.

Betsy E. Burke, Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This is a suit by a chapter 11 debtor corporation to enjoin the Internal Revenue Service from attempting to collect a 100% penalty from the debtor's officers or employees who were responsible for withholding taxes from employees' wages and paying the taxes to the government. The effect of the penalty is to make the responsible officers and employees liable for the taxes that the corporation failed to pay. The penalty can be imposed only if the officers or employees willfully failed to withhold the taxes and pay them to the government. 26 U.S.C. § 6672. The amount in question is about $200,000.

The IRS desires to investigate to determine whether any of the following officers or employees are liable for the penalty: Mr. W.C. Hudlow, Jr., President and Treasurer; Mr. Harry L. Fields, Jr., Vice-President and Secretary; Mrs. Jere Swafford, bookkeeper; Mrs. Mintie Hobbs, bookkeeper.

The IRS is not to the point of assessing the penalty against anyone. It merely desires to investigate to determine who might be liable. The IRS contends that the limitations period for assessment expires as to the earliest taxes in March, 1985, and it must be allowed to investigate and assess before then.

The limitation period as to Mr. Hudlow is not a problem. Since he is in bankruptcy, the automatic stay prevents any action by the IRS against him and tolls the running of the limitation period for assessments.

The IRS has raised several legal defenses that have been regularly raised by the IRS in proceedings such as this and have been almost as regularly rejected by the courts. The defenses are (1) that the debtor lacks standing to bring a suit to protect its officers and employees, (2) that the IRS cannot be sued because of sovereign immunity, (3) that the anti-injunction statute prohibits an injunction against the IRS, and (4) that the court lacks subject matter jurisdiction. The court agrees with the following decisions rejecting these defenses: *In re Jon Co., Inc.*, 30 B.R. 831, 10 B.C.D. 1005 (U.S.D.C.D.Colo.1983); *In re Datair Systems Corp.*, 37 B.R. 690, 11 B.C.D. 1235, 10 C.B.C.2d 255 (Bankr.N.D.Ill.1983); *In re H, & R Ice Co.*, 24 B.R. 28, 9 B.C.D. 941 (Bankr.W.D.Mo.1982).

The jurisdiction of the court has been changed since these decisions were made, but the changes did not deprive the court of subject matter jurisdiction. See 28 U.S.C. §§ 1334 & 157; Bankruptcy Amendments & Federal Judgship Act of 1984, Pub.L. No. 98–353, §§ 101 & 104 (eff. July 10, 1984).

Herbert L. Pace, the revenue officer for the IRS, testified that he needs to talk to the officers and employees to find out who was responsible for collecting and paying the taxes. He also needs to see the debtor's minutes, by-laws, charter, and cancelled checks.

Mr. Hudlow testified as follows. He has been in business since 1949. The company operates three tow boats and 45 trailers. It has an office building with 6000 square feet. There are 60 to 110 employees. Mr. Field has been with the company since 1954. The bookkeepers have been with the company for four years and six years. The company should be able to pay the IRS in full in the chapter 11 case. There is an

option to purchase some of the debtor's real property for $518,000. The property is subject to a secured debt of about $50,000. The company's cash reserves are very limited. Most of the company's money will be used to pay the IRS. Collection efforts by the IRS against the debtor's officers and employees would unbearably burden them and disrupt the debtor's operations. None of them except Mr. Hudlow has any substantial assets available to pay the taxes and Mr. Hudlow's main asset is his ownership interest in the debtor corporation.

In the cases cited earlier, the courts have stated four questions to be answered in deciding whether to grant an injunction in cases like this:

(1) Will failure to grant the injunction cause irreparable harm to the bankruptcy estate?

(2) Does the plaintiff (the debtor) have a strong likelihood of success on the merits?

(3) Will the injunction cause no harm or minimal harm to the defendant's rights?

(4) Which action better serves the public interest?

Since the debtor cannot litigate the question of someone else's liability for the 100% penalty, the question of whether it is likely to be successful on the merits must relate to the likelihood that a permanent injunction will be granted. The debtor contends that it will be successful on the merits because it will be able to pay the taxes and among the officers and employees in question the only substantial asset available to pay the taxes is Mr. Hudlow's interest in the debtor. Of course, both Mr. Hudlow and the debtor are in bankruptcy. Thus, the argument comes to this: Since the taxes will be paid in the debtor's bankruptcy, and the IRS is unlikely to collect anything on the penalty except through the bankruptcy court, then the attempt to collect the penalty from the debtor's officers and employees is only a method of putting pressure on the debtor.

This may prove to be the case later, but at the moment the IRS desires only to conduct an investigation to determine whether it should assess the penalty. The potential harm to the bankruptcy estate appears to be small if the investigation is conducted with as little disruption as possible. The potential immediate harm to the IRS is only failure to assess the penalty for some taxes within the limitation period for assessment. If the limitation statute were construed as most such statutes, an injunction that delayed assessment would also suspend the running of the limitations period, even without a specific exception in the limitations statute. However, this may not be the rule under the limitation statute in question. 26 U.S.C. § 6501. Thus, it may be appropriate to allow the IRS to investigate and assess before the limitation period expires in March, 1985. Any attempts to collect outside this court could still be enjoined pending further orders. The limitation period on collections will not be a problem for some time thereafter. The court notes that this proceeding has been under advisement for some time during which the debtor and its officers and employees have in effect had the benefit of an injunction while the reorganization proceeded.

On the public policy question, there is not at this point too serious a conflict between the desire to rehabilitate the debtor and the desire for quick determination and enforcement of tax liabilities.

The court is inclined to allow the IRS to investigate for the purpose of making assessments only, with any collection attempts enjoined pending further orders of the court. The problem is to allow the investigation in such a way that it will not unduly burden the debtor or its officers and employees.

There is a question of whether Mr. Hudlow should be subjected to any investigation unless the IRS obtains relief from the automatic stay in his bankruptcy case, but examination under Rule 2004 should accomplish the IRS's purposes as to Mr. Hudlow. Under Rule 2004 Mr. Hudlow may also be required to produce the records that the IRS desires to examine.

As to the bookkeepers, it does not appear that they had any decision making authority such that they might be considered responsible persons liable for the penalty.

Thus, the IRS will be allowed to examine Mr. Hudlow under Rule 2004 and will also be allowed to examine Mr. Fields. This is a reasonable method to investigate and to determine if an officer or employee is responsible.

The examinations will be held in the federal courthouse in Chattanooga at a time convenient for the parties and when the court will be available to rule on any questions. The IRS may renew its request to examine the bookkeepers at that time. The parties should arrange a time with the court.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.