## In re ARROW TRANSFER AND STORAGE CO., Debtor.

### Civ. A. No. 1–85–93.

United States District Court, E.D. Tennessee, S.D.

May 21, 1985.

---

J. Thomas Mann, Thomas, Mann & Gossett, P.C., Chattanooga, Tenn., for plaintiff.

Betsy E. Burke, Paul M. Predmore, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

MORTON, Senior District Judge.

This is an appeal from an order entered by the Bankruptcy Court in Adversary Proceeding No. 1–84–0182 granting the debtor-appellee an injunction against the Internal Revenue Service, 45 B.R. 219. This court has jurisdiction over this appeal pursuant to 28 U.S.C., Section 1334.

### STATEMENT OF ISSUE PRESENTED

Whether the Bankruptcy Court can enjoin the Internal Revenue Service from assessing and collecting a penalty under Section 6672 (26 U.S.C.) from responsible employees and officers of a corporate-debtor.

### STATEMENT OF THE CASE

On May 24, 1984, Arrow Transfer & Storage Co. filed a Chapter 11 petition in bankruptcy. This corporate-debtor owes the United States in excess of $500,000 in federal taxes. Approximately $200,000 of that amount represents money withheld from employee wages, and therefore, is due the United States pursuant to Sections 3402 and 3403 of the Internal Revenue Code (26 U.S.C.). In the course of his duties as a revenue officer, Herbert Pace of the Internal Revenue Service was assigned the responsibility of conducting an investigation into the unpaid employee withholding taxes of the corporate-debtor. Part of Revenue Officer Pace's investigation was to determine whether responsible employees, or other persons associated with the corporate-debtor, may have incurred the "100% penalty" under Section 6672 of the Internal Revenue Code (26 U.S.C.) for these unpaid withholding taxes. On June 21, 1984, Revenue Officer Pace contacted Thomas Mann who represents both the corporate-debtor in this action, and the corporate-debtor's president, Mr. Hudlow, in Mr. Hudlow's individual bankruptcy proceeding. Revenue Officer Pace wished to interview Mr. Hudlow and obtain corporate records for the purpose of conducting a preliminary evaluation as to which individuals should be interviewed in conjunction with an investigation aimed at the assessment and collection of tax liability incurred under Section 6672 (26 U.S.C.).

On July 27, 1984, Arrow Transfer & Storage Co. commenced this adversary proceeding to enjoin the Internal Revenue Service from assessing and collecting from responsible persons of the corporate-debtor, the Section 6672 penalty for failure to pay employee withholding taxes. Arrow Transfer & Storage Co. sought injunctive relief on the basis that the corporate-debtor intended to pay the tax, and that the rehabilitation of the debtor would be hampered by the investigation of the Internal Revenue Service.

Apparently the employees of the Arrow Transfer and Storage Company were four in number, to wit, two officers and two bookkeepers. The order by the bankruptcy judge was in substance that the Internal Revenue Service would be allowed to examine the two corporate officers in the Federal Courthouse in Chattanooga at a time convenient to the parties and when the

court would be available. At the same time, the IRS was enjoined from examining the two bookkeepers or collecting any penalty from either of them. In examining the findings of fact by the bankruptcy judge, the following findings of fact were stated:

[A]t the moment the IRS desires only to conduct an investigation to determine whether it should assess the penalty. The potential harm to the bankruptcy estate appears to be small if the investigation is conducted with as little disruption as possible.

There is no finding in this record and the testimony does not reveal any determination that the bookkeepers did not have the authority to make decisions. Nor is there a finding of any facts which indicated they were not considered responsible persons liable for the penalty. There is an examination of these facts but no testimony thereto. The only assertion that any investigation on the part of the IRS would be burdensome is a statement by the president of the bankrupt that it would be burdensome to the bankrupt. However, there is no testimony that the investigation would be burdensome to the individuals themselves, as individuals. There is no testimony in the record that there was any necessity for the court to be available during any depositions. The facts of this case indicate that the bankrupt is attempting to assert the rights of other parties who are not in bankruptcy, and this court fails to see any basis for granting the bankrupt (debtor) standing to assert its right to protect other parties.

Furthermore, this action is in direct violation of the provisions of 26 U.S.C. § 7421, the anti-injunction statute which was amended as late as 1982. It is clear Congress did not grant the bankruptcy court the right to enjoin the collection of taxes against third parties as a result of a suit filed by a bankrupt (debtor). Congress amended the Act and set forth certain exceptions, setting forth additional exceptions in 1978 and 1982. It did not grant additional exceptions in favor of the bankruptcy court.

The order entered by the bankruptcy judge restricting the rights of the IRS to interview for the purpose of ascertaining who is responsible for taxes is vacated. An appropriate order will be entered.