**BOWEN INDUSTRIES, INC.,**
Plaintiff/Appellant,

v.

**UNITED STATES INTERNAL REVENUE SERVICE,**
Defendant/Appellee.

**Civ. A. No. EP–85–CA–308.**

United States District Court,
W.D. Texas,
El Paso Division.

April 7, 1986.

Margaret A. Christian, Kemp, Smith, Duncan & Hammond, El Paso, Tex., for plaintiff/appellant.

Richard E. Hettinger, Asst. U.S. Atty., San Antonio, Tex., and Cary L. Jennings, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant/appellee.

**MEMORANDUM AND ORDER**

BUNTON, District Judge.

This is an appeal from the United States Bankruptcy Court for the Western District of Texas, El Paso Division, Thompson, J., denying the debtor's request for injunctive relief against the Internal Revenue Service. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1334.

**I.**

The appellee correctly states the relevant issues for this court's determination as follows:

(1) Whether the bankruptcy court erred in denying the debtor's amended complaint seeking to enjoin the Internal Revenue Service (IRS) from taking any action against the property of James and Betty Bowen to collect 100% penalty assessments made against them under Section 6672 of the Internal Revenue Code of 1954 (26 U.S.C.) as responsible officers of the corporate debtor; and

(2) whether the bankruptcy court erred in denying the debtor's amended complaint seeking an injunction ordering the IRS to return to the Bowens monies seized from their bank accounts in collection of the 100% penalty assessments made against them under Section 6672 of the Internal Revenue Code of 1954 (26 U.S.C.).

## II.

Findings of fact of the bankruptcy court are not to be set aside unless clearly erroneous. Bankruptcy Rule 8013. Conclusions of law are subject to plenary review by this court. *In the Matter of Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 209 (5th Cir.1983).

## III.

This proceeding was instituted by the debtor, Bowen Industries, Inc., on behalf of its principal officers, James and Betty Bowen, to obtain injunctive relief against the IRS. On May 22, 1985, the bankruptcy court granted *ex parte* the application of the debtor for a temporary restraining order and enjoined the IRS from taking any further action in collection of the 100% penalty assessed against the Bowens. The United States moved the court on May 29, 1985, for dissolution of the temporary restraining order and dismissal of the injunctive action. Hearing on the government's motion was held on May 31, 1985. By its order of the same date, the bankruptcy court granted the motion of the United States to dismiss, dissolving the temporary restraining order and denying the debtor's request for injunctive relief.

## IV.

The facts, as taken from appellee's brief and adopted as the court's, are as follows:

In the fourth quarter of 1983, the debtor, Bowen Industries, Inc., failed to pay over to the United States the liabilities that it owed under the employment tax provisions of the Internal Revenue Code; the corporation is directly liable if it fails to turn over to the government those monies that are withheld from the wages of its employees and that are intended to satisfy their respective income and social security (FICA) tax liabilities. By the time that Bowen Industries, Inc. filed its Chapter 11 petition in bankruptcy on June 28, 1984, it was indebted to the government for unpaid employment taxes totalling $325,010.00, along with statutory additions as allowed by law. Approximately $253,000.00 of that principal amount represented "trust fund" taxes that should have been withheld from the employees' wages and paid over to the United States. The corporation has yet to propose a plan of reorganization in its bankruptcy case that would provide for payment of the taxes.

As a result of the corporation's failure to pay these prepetition employment taxes, in the fall of 1984 the IRS began an investigation pursuant to Section 6672 of the Internal Revenue Code to determine whether James and Betty Bowen were responsible officers of the corporation, who could be held independently liable for those trust fund taxes which should have been withheld from the wages of the company's employees and paid over to the government. The IRS determined that James and Betty Bowen were liable under Section 6672 and, pursuant to the agreement of the Bowens, assessed each of them a 100% penalty in the amount of $253,100.59.

As of this date, approximately $251,675.00, plus statutory additions, remains due and owing from James and Betty Bowen on these assessments, and no agreement has been reached between the Bowens and the IRS for payment of these taxes. On May 21, 1985, the IRS lawfully placed certain real property belonging to the Bowens

in El Paso, Texas, under seizure, as is authorized by Section 6331 of the Internal Revenue Code. Additionally, on the following day, personal bank accounts and the Bowens' residence were placed under seizure.

In response to these levies, the Bowens have caused the corporate debtor to institute this adversary proceeding in the bankruptcy court to obtain injunctive relief in favor of the Bowens that would halt the collection efforts of the IRS. The bankruptcy court granted the debtor's application for a temporary restraining order *ex parte* on May 22, 1985. On May 29, 1985, the United States filed its motion to dissolve temporary restraining order and to dismiss injunctive action arguing, *inter alia*, that the court lacked jurisdiction to grant the requested injunctive relief. At the hearing held on the government's motion, counsel for Bowen Industries, Inc. submitted that the continued collection efforts of the IRS against the Bowens would impair the successful reorganization of the debtor; however, no testimony was given or other evidence was offered to support this contention. The court thereupon granted the motion of the government to dismiss, and in its written order of the same date, dissolved the temporary restraining order and denied the debtor's request for injunctive relief.

## V.

Section 6672 imposes separate personal liability on those whose control over the financial affairs of a business entity required them to collect and pay over taxes withheld or collected from the employees' wages. Specifically, Section 6672(a) provides in pertinent part that—

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails [to do so] ... shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Section 6671(b) adds that the term "person" as used in the statute is designed to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform that act in respect of which the violation occurs." The portion of the tax that the responsible persons are personally liable for is the "trust fund" portion.

 The liability of a corporate officer under Section 6672 is legally distinct from, and not substitution for the corporation's liability for unpaid employment taxes. *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983). Accordingly, the government is not required to attempt to collect unpaid trust fund taxes from the corporation before assessing and collection the 100% penalty against its responsible officers. "The many courts that have previously considered this argument [by parties assessed the penalty] have found it unpersuasive." *Hutchison v. United States,* 559 F.Supp. 890, 894 (N.D.Ohio 1982).

Section 6672 'imposes a personal liability for the withheld amount upon the individual officers or agents required to collect, account for, and pay over [employment taxes], who are responsible for the corporation's default.' *The result of this section is to make the responsible officers equally liable with the corporation to the Government and it may proceed against either in order best suited in its judgment to collect the unpaid tax.* Therefore, defendant is not required to first try to satisfy the tax liability from the assets of the bankrupt corporation but may properly proceed in the first instance against the plaintiffs.

*Van Westerhuyzen v. United States,* 407 F.Supp. 334, 335–36 (D.Minn.1975) (emphasis supplied) (citations omitted). As the appellee points out, the Fifth Circuit is in accord with this principle that "discretion in collection" is granted to the government by Section 6672. *Hornsby v. United States,* 588 F.2d 952, 954 (5th Cir.1979).

Likewise, the Court of Appeals for the Eleventh Circuit has very recently addressed this issue in *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986). There, the court stated:

It is well established that the liability imposed under section 6672 is separate and distinct from that imposed on the employer under section 3102 and 3402 of the Internal Revenue Code. Thus, *the IRS need not pursue collection from the employer prior to assessing a responsible person under section 6672.*

*Id.* at page 1548–49 (emphasis supplied) (citations omitted).

The decision of the bankruptcy court in this case is in consonance with this settled principle of law.

## VI.

■ This court also concludes that the corporate debtor lacks standing to seek injunctive relief in the bankruptcy court on behalf of its solvent officers. *See In the Matter of Driscoll's Towing Service, Inc.*, 51 B.R. 990, 85–2 U.S.T.C., para. 9603 (S.D. Fla.1985); *In re Arrow Transfer and Storage Co.*, 50 B.R. 726, 56 A.F.T.R.2d 5201 (E.D.Tenn.1985); *United States v. Huckabee Auto Co.*, 46 B.R. 741, 55 A.F.T.R.2d 968 (M.D.Ga.1985); *United States v. Rayson Sports, Inc.*, 44 B.R. 280, 54 A.F.T.R.2d 6434 (N.D.Ill.1984). *Cf. In the Matter of the Original Wild West Foods, Inc.*, 45 B.R. 202 (B.C.W.D.Tex.1984), *aff'd* Civil No. A–85–CA–227 (W.D.Tex. July 15, 1985); *In re Jon Co., Inc.*, 30 B.R. 831 (D.Colo. 1983). In so concluding, the court notes that it departs from the reasoning in *Original Wild West Foods, Inc., supra.* To permit corporate debtors to challenge the assesment or collection of the 100% penalty against its solvent officers undermines the intent of Congress in enacting Section 6672. Congress sought to make certain individuals within a corporation personally liable for failure to "collect, truthfully account for and pay over" employment taxes, apart from the corporation's employment tax debt. As the appellee points out, if this court were to reverse the bankruptcy court's decision on the basis of standing, the distinction between corporate and personal liability, drawn by the Congress, would be obliterated.

Furthermore, if the corporate debtor in this proceeding is held to have standing, such a decision opens the door for every corporate debtor in a Chapter 11 proceeding to seek protection for its responsible persons from investigation, assessment, or collection of the 100% penalty. In many instances, as in the case here, the persons whose liabilities are in question are also the persons who are directing the course and operations of the corporate debtor, and as such, have every motive to cause corporate action calculated to reduce or eliminate their personal liability. Allowance of such conduct is wholly unjustified in light of the broad reach and scope of Section 6672.

## VII.

The "Anti-Injunction Act," Section 7421(a) of the Internal Revenue Code provides in pertinent part that—

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

This prohibition on injunctive suits in tax matters has been broadly construed in this Circuit and by the Supreme Court to preclude judicial interference with IRS activities which are intended to or may culminate in the assessment or collection of taxes. *Bob Jones University v. Simon*, 416 U.S. 725, 738–40, 94 S.Ct. 2038, 2046–48, 40 L.Ed.2d 496 (1974); *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir.1983); *Kemlon Products & Development Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds*, 646 F.2d 223 (5th Cir.), *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).

The express terms of the Anti-Injunction Act have been read to apply to injunctive actions in bankruptcy, such as the one here, by many courts which have addressed the issue. *See, e.g., In re Steel Products,*

*Inc.,* 53 B.R. 999, 85–2 U.S.T.C., para. 9600 (W.D.Wash.1985); *In the Matter of Driscoll's Towing Service, Inc., supra; In re Arrow Transfer and Storage Co., supra; United States v. Rayson Sports, Inc., supra.* These courts have rejected the reasoning in *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975), that courts may weigh the competing policies of the bankruptcy laws and Section 7421(a) to determine the question of the bankruptcy court's jurisdiction. Instead, these courts agree with the conclusion of the Third Circuit in *In the Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3rd Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981), that any judicially-fashioned bankruptcy exception to Section 7421(a) would contravene congress' clear intent as expressed in the language of the Act.

The court is mindful that the foregoing departs with the reasoning in *Original Wild West Foods, Inc., supra,* adopting the *Bostwick* rationale. The court, however, is persuaded by the reasoning in *In re Steel Products, Inc., supra:*

> Where policy pronouncements are concerned as distinguished from differences in interpretation of language, Congressional action rather than judicial decision is more appropriate. The *Huckabee* analysis is persuasive ... because it does not choose between worth policies; rather, considering standard principles of judicial restraint, it finds no jurisdiction to resolve competing policies and allows the specific, straight-forward language of the Anti-Injunction Act to operate where no exception to foster bankruptcy policies exists.

53 B.R. 999, 85–2 U.S.T.C., at 89,547.

The court finds that following the analysis of *Original Wild West Foods, supra,* on the issue of jurisdiction would run contra to the established revenue protection purpose of the 100% penalty. The debtor seems to suggest that the court should step in and ameliorate the adverse impact of Section 6672 when the responsible officers' corporation is in bankruptcy and is attempting to reorganize its affairs. The Fifth Circuit, however, has made clear that "the United States may not be made an unwilling joint venturer in the corporate enterprise, "*Mazo v. United States,* 591 F.2d 1151, 1154 (5th Cir.1979), and has stated that the basic purpose of Section 6672 is "the protection of government revenue." *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970), quoting *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.1970). Accordingly, the court declines to create a limitation upon the collection power of the IRS under Section 6672 but rather leaves such matters for Congressional action.

## VIII.

Based upon the foregoing, the court does not reach the issue presented by appellant that injunctive relief was warranted in this case. In denying the appellant's requested injunction in this case, the bankruptcy court indicated that it was ruling as a matter of law, not because of any facts presented by the debtor. *See* Transcript of May 31, 1985 Hearing at 21. The bankruptcy court never reached the question of whether, given the traditional criteria for injunctive relief, an injunction was warranted on the facts of this case. Likewise, this court declines to conduct a *de novo* review of whether the facts presented to the court below justified injunctive relief.

## IX.

The judgment and orders of the bankruptcy court are in all things AFFIRMED.